48218. PITTMAN v. AMERICAN MUTUAL FIRE INSURANCE COMPANY.

HALL, Presiding Judge. Pittman, plaintiff in a suit to collect under a fire insurance policy, appeals from a verdict for the defendant

insurance company and from the denial of his motion for new trial. Our only question on this appeal is whether there is evidence to support the verdict.

Pittman's evidence tended to show that on Friday, March 31, 1972, he left his home (the insured premises) for Florida in the company of a friend, for a fishing trip from which he returned on Sunday evening, April 2, 1972, to discover his house and its contents burned. He subsequently submitted to the insurance carrier his sworn proof of loss of structure and contents, including a 23 inch RCA color television set. Neither party introduced the proof of loss into evidence, and consequently there is uncertainty in the record as to whether Pittman claimed that certain additional items were burned or had simply disappeared from the premises. These items included all Pittman's clothes except two sport jackets and two old jackets and insignificant other garments he took on his trip, a nearly new clothes dryer, a set of Compton's Encyclopedias, and his file cabinet containing his important papers.

Evidence of the insurance company tended to show the following facts. The house was partially burned by a fire during the evening of Saturday, April 1, but the fire was put out to the satisfaction of the Fulton County Fire Marshal who checked over the premises three or four times. Later, in the early morning hours of Sunday, April 2, a second fire occurred originating in a different portion of the house and completed the destruction of the premises. Both fires were deliberately set. The insured premises were badly infested by termites. In one room was found the charred chassis of an old television set which was later determined not to be the 23 inch RCA color television set claimed by Pittman on the proof of loss, but which was found in the location usually occupied by Pittman's color set. The color set itself was nowhere on the premises. A witness for the insurance company identified the charred chassis as an old set she had personally observed in the trunk of Pittman's car on the Thursday preceding the fire. Pittman denied that the set had been in his car, and maintained that he had seen it for the first time in the yard of his house, presumably after the fire. The witness additionally testified that after the fire she observed in the apartment then rented by Pittman certain items of clothing known by her to have been owned by him before the fire, including the coat to a "blue blazer suit." No evidence was offered by Pittman explaining this coat, or identifying it as one

of those taken with him on his trip. The witness also testified to Pittman's post-fire possession of certain savings bonds he had formerly owned and which she knew to be usually kept in the filing cabinet which he claimed had burned or otherwise had vanished.

Additionally, Pittman admitted in open court that prior to trial in giving a sworn statement to the insurance company he had testified falsely under oath in at least one particular.

The insurance policy in question contained the following provision: "This entire policy shall be void if, whether before or after a loss, the insured has wilfully concealed or misrepresented any material fact or circumstance concerning this insurance or the subject thereof, or the interest of the insured therein, or in case of any fraud or false swearing by the insured relating thereto."

The jury were authorized by the evidence to find for the insurance company, and it was not error to deny the new trial motion.

*Judgment affirmed. Evans and Clark, JJ., concur.*

Argued May 8, 1973 — Decided June 29, 1973 — 

*G. Ralph Burger,* for appellant.
*Swift, Currie, McGhee & Hiers, Guerry R. Moore,* for appellee.